IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAILYARD COMPANY, LLC,

    Appellant,

v.                                                       CIV No. 16-292 MV/CG

RECREATIONAL EQUIPMENT, Inc. et al,

    Appellees.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on appeal from the *Order Granting Motion to Appoint Trustee and Directing United States Trustee to Appoint Trustee* (the "Order") entered by the United States Bankruptcy Court for the District of New Mexico ("Bankruptcy Court") on March 30, 2016. (Doc. 1 at 6). Now before the Court is Appellee *Thorofare Asset Based Lending Fund III, L.P.'s Motion to Dismiss Railyard Company, LLC's Appeal, or in the Alternative to Summarily Affirm the Bankruptcy Court* (the "Motion"), (Doc. 4), filed June 24, 2016.

U.S. District Judge Martha Vazquez referred this case to U.S. Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition. (Doc. 2). The Court has considered the brief submitted by Appellee and the relevant law. Because Appellant failed to provide the Court with records from the Bankruptcy Court proceeding or respond to the Motion, the Court **RECOMMENDS** that the Motion should be **GRANTED IN PART AND DENIED IN PART** and the Order from the Bankruptcy Court should be **AFFIRMED**.

**I.**     **Procedural Background**

Appellee Thorofare Asset Based Lending Fund III, LP ("Appellee") is

Appellant Railyard Company, LLC's ("Appellant") largest creditor and holder of a Note and a Leasehold Mortgage and Security Agreement covering commercial real property in Santa Fe, New Mexico. (Doc. 4 at 1). Appellant filed for bankruptcy relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Mexico ("Bankruptcy Court") on September 4, 2015. (Doc. 4 at 2). On September 29, 2015, Appellee filed a *Motion to Appoint Chapter 11 Trustee, or in the Alternative, to Require Debtor to Employ Property Manager* (the "Trustee Motion"). (Doc. 4 at 2). After an evidentiary hearing ("Trustee Hearing"), the Bankruptcy Court granted Appellee's Trustee Motion to appoint a trustee in the bankruptcy case on March 30, 2016. (Doc. 1 at 6).

Subsequently, on April 12, 2016, Appellant filed a *Notice of Appeal* with the Bankruptcy Court to challenge and overturn the Order. (Doc. 4 at 2). The *Clerk's Certificate of Service of Notice of Appeal and Election to have Appeal Heard by District Court* (the "Notice of Appeal") was filed with this Court on April 13, 2016. (Doc. 1). On June 14, 2016, the Bankruptcy Clerk filed a notice of *Inability to Transmit Record on Appeal*, she stated:

> [A] transcript of the hearing [held on February 17 to 19, and 26, 2016] has not been filed with the Bankruptcy Court; nor has the [a]ppellant filed a copy of any document indicating arrangements have been made with a court reporter to prepare the transcript as required by [FED. R. BANKR. P.] 8009(b)(1)(A). As a result, the Bankruptcy Clerk is unable to transmit the record on appeal and comply with [FED. R. BANKR. P.] 8010(b)(1) because the record is not complete.

(Doc. 3). Appellant did not respond to the Bankruptcy Clerk's notice or the current Motion before the Court.

Appellee now asks the Court to either dismiss Appellant's appeal, or in the alternative, summarily deny the appeal because Appellant failed to order and file the transcript of the Trustee Hearing. (Doc. 4 at 4).

## II.     Standard of Review

In reviewing the Bankruptcy Court's Order, this Court sits as an appellate court and maintains jurisdiction in accordance with 28 U.S.C. § 158(a)(1). When the Court reviews the Bankruptcy Court's decisions on appeal, it applies "the same standards of review as those governing appellate review in other cases." *Gill v. Winn (In re Perma Pac. Props.),* 983 F.2d 964, 966 (10th Cir.1992); *United States ex rel. U.S. Dep't of Educ. v. Moreu*, 332 B.R. 20, 22 (W.D. Okla. 2005).

## III.    Analysis

Appellee argues that the Court should either dismiss, or in the alternative, summarily deny Appellant's appeal of the Bankruptcy Court's Order because it failed to follow the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by not ordering or filing a transcript of the Trustee Hearing. (Doc. 4 at 4). Specifically, Appellee states that Appellant violated Rule 8009(b) of the Bankruptcy Rules, which states that an appellant must "order in writing from the reporter . . . a transcript of such parts of the proceedings [at issue, which are] not already on file as the appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk." FED. R. BANKR. P. 8009(b). As a result of this failure, Appellee asks the Court to dismiss the appeal. Appellant did not respond to the Motion.

The appellant has the burden of providing an appellate court with an adequate record for review.  FED. R. APP. P. 10(b)(2). The record on appeal must include "the notice of appeal, the judgment, order, or decree appealed from, and any opinion,

3

findings of fact, and conclusions of law of the court." FED R. BANKR. P. 8006; 8009(b)(3). Failing to file the appropriate documents "raises an effective barrier to informed, substantive appellate review." *McGinnis v. Gustafson*, 978 F.3d 1199, 1201 (10th Cir. 1992). When an appellant fails to comply with the appellate and bankruptcy rules, a court has the discretion to act "as it considers appropriate, including dismissing the appeal." FED. R. BANKR. P. 8003(a)(2). In the alternative, the Tenth Circuit "has held on a number of occasions and in a variety of settings that the lack of a required transcript leaves [the court] with no other alternative but to affirm the affected ruling." *McGinnis*, 978 F.3d at 1201.

  Here, the only document provided to the Court was the Notice of Appeal, which contains the one page Order without the Memorandum Opinion attached. Absent the relevant information regarding the Bankruptcy Court's decision, including a transcript from the Trustee Hearing or any type of documentation, the Court is unable to review the decision.  "[W]hen the record on appeal fails to include copies of the documents necessary to decide an issue on appeal, this Court is unable to rule on that issue and may summarily affirm the bankruptcy court." *In re Long*, 255 B.R. 241, 245 (10th Cir. BAP 2000); *see also In re Black*, No. 03-4078, 130 Fed. Appx. 205, 207 (10th Cir. Jan. 27, 2005) (unpublished) ("in light of [Appellant's] failure to provide the proper materials for review, the [Bankruptcy Appellate Panel] was entitled to affirm the decision of the bankruptcy court").

  Additionally, Appellant had fourteen days to respond to this Motion, but did not respond by July 11, 2016. D.N.M.LR-Civ. 7.4(a). Because the time to respond to this Motion has passed, and "[t]he failure of a party to file and serve a response in

opposition to a [M]otion within the time prescribed for doing so constitutes consent to grant the [M]otion[,]" the Court will assume that Appellant consents to Appellee's requested relief. D.N.M.LR-Civ. 7.1(b). Therefore, the Court finds that the Order of the Bankruptcy Court to appoint a trustee should be affirmed.

### IV. Recommendation

For the reasons stated above, the Court **RECOMMENDS** that *Thorofare Asset Based Lending Fund III, L.P.'s Motion to Dismiss Railyard Company, LLC's Appeal, or in the Alternative to Summarily Affirm the Bankruptcy Court*, (Doc. 4), should be **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHERE RECOMMENDED** that the *Order Granting Motion to Appoint Trustee and Directing United States Trustee to Appoint Trustee*, (Doc. 1 at 6), should be **AFFIRMED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE